UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| **CANDICE RANA SULFRIDGE,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:05-CV-188 (LEAD CASE) |
| | ) (Phillips/Guyton) |
| **JOHN HUFF, et al.,** | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by Order [Doc. 36] of the Honorable Thomas W. Phillips, United States District Judge, for disposition of the Defendant's Motion to Quash Service of Process [Doc. 22].

Defendant Knox County moves to quash service of process upon Defendants John Doe I, John Doe II, John Doe III, and John Doe IV [Doc. 22]. Defendant alleges that Plaintiff attempted to serve process on four unidentified Knox County police officers by delivering the summonses to the Knox County Sheriff's Department. [Doc. 22].

"[S]ervice of process and, by extension the institution of a lawsuit, cannot be effected on fictitious persons." Oliver v. City of Memphis, 2004 WL 3316242, at *2 (W.D. Tenn. Dec. 2, 2004). Additionally, the alleged service of process by the Defendant was not accomplished in compliance with Rule 4(e)(2) of the Federal Rules of Civil Procedure, which states that in the absence of a waiver, service of process must be made upon each defendant:

> by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable

age and discretion then residing therein or by delivering a copy of the
summons and of the complaint to an agent authorized by appointment
or by law to receive service of process.

Since service was not made on any individual defendant personally, and the personnel clerks of the Knox County Sheriff's Department are not authorized to receive service of process for a "John Doe" or a "Jane Doe," see the Affidavits of Candance Brandl and Amanda Kitts [Doc. 22 Exs. 1, 2], the service of process was not completed in compliance with Rule 4(e) of the Federal Rules of Civil Procedure.

Moreover, this Court notes that the Plaintiff has not filed a response in opposition to Defendant's Motion to Quash Service of Process. Accordingly, the Plaintiff's failure to respond shall be deemed a waiver of opposition to the Defendant's motion, pursuant to E.D. TN. LR 7.2.

Absent a response in opposition to Defendant's motion from Plaintiff, and in view of the compelling evidence by which a summons must be effected under the Federal Rules of Civil Procedure, the Defendant's Motion to Quash Service of Process [Doc. 22] is **GRANTED**.

**IT IS SO ORDERED.**

ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge