UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CANDICE RANA SULFRIDGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:05-CV-188 (LEAD CASE) |
| ) | (Phillips/Guyton) |
| JOHN HUFF, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by Order [Doc. 60] of the Honorable Thomas W. Phillips, United States District Judge, for disposition of the Defendant Timothy Hutchison's Motion for More Definite Statement and/or Motion to Strike [Doc. 38].

The defendant Timothy Hutchison moves for a more definite statement and/or to strike portions of the plaintiff's complaint in this matter. For grounds, the defendant states that the complaint is unclear as to whether the plaintiff is suing this defendant in both his individual capacity and his official capacity. Further, to the extent that the plaintiff is suing this defendant in his official capacity, the defendant argues that the defendant "Timothy Hutchison" should be stricken from this case pursuant to Rule 12(e) and (f) of the Federal Rules of Civil Procedure. [Doc. 39].

The subject motion [Doc. 38] was filed on May 17, 2005. The plaintiff has not filed a response.

To the extent that he is sued in his official capacity, Timothy Hutchison moves to strike his designation as a defendant in this case. Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, the Court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

It is well-settled that "[a]s long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985); see also Hafer v. Melo, 502 U.S. 21, 25, 112 S. Ct. 358, 361, 116 L. Ed. 2d 301 (1991) ("Suits against state officials in their official capacity therefore should be treated as suits against the State."); Monell v. Dep't of Social Services, 436 U.S. 658, 690 n.55, 98 S. Ct. 2018, 2035 n.55, 56 L. Ed. 2d 611 (1978) ("official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent"); Claybrook v. Birchwell, 199 F.3d 350, 355 n.4 (6th Cir. 2000) ("An official capacity claim filed against a public employee is equivalent to a lawsuit directed against the public entity which that agent represents."). An official-capacity suit "is not a suit against the official personally, for the real party in interest is the entity." Graham, 473 U.S. at 166, 105 S. Ct. at 3105. Several courts have held that when a municipality is sued along with a municipal officer in his or her official capacity, the suit against the officer is redundant, unnecessary, and should be dismissed. See Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991); Verde v. City of Philadelphia, 862 F. Supp. 1329, 1336-37 (E.D. Pa. 1994); Garrett v. Clarke County Bd. of Educ., 857 F. Supp. 949, 952 (S.D. Ala. 1994); Admiral Theatre v. City of Chicago, 832 F. Supp. 1195, 1200 (N.D. Ill. 1993); Orange v. County of Suffolk, 830 F. Supp. 701,

706-07 (E.D.N.Y. 1993); Doe v. Douglas County School Dist., 775 F. Supp. 1414, 1416 (D. Colo. 1991).

Striking Timothy Hutchison in his official capacity as a defendant in this lawsuit would "promote[] judicial economy and efficiency, prevent[] the possibility of juror confusion over official capacity actions, and streamline[] the pleadings." See Gallardo v. Board of County Commissioners, 1995 WL 106366, at *2 (D. Kan. Jan. 11, 1995) (dismissing defendants in this official capacities) (citations and internal quotation marks omitted). The striking of Timothy Hutchison as a defendant in his official capacity would not prejudice the plaintiff, as she may still pursue her claims against Knox County, as well as her claims against the officers individually. Because the suit against Timothy Hutchison in his official capacity is redundant and superfluous, the defendant's Motion to Strike [Doc. 38] Timothy Hutchison in his official capacity as a defendant in this matter is hereby **GRANTED**.

The defendant also seeks a more definite statement, arguing that the complaint is unclear as to whether the plaintiff is suing this defendant in both his individual capacity and his official capacity. The style of the complaint includes "Timothy Hutchison" as a defendant, but does not state whether he is sued in his individual capacity and/or his official capacity as Sheriff of Knox County, Tennessee. Paragraph 10 of the complaint states: "Defendant TIMOTHY HUTCHISON is the sheriff of Knox County Tennessee and is sued in his official capacity only." However, later allegations in the complaint appear to indicate that Timothy Hutchison may also be sued in his individual capacity. [Doc. 1].

Rule 12(e) of the Federal Rules of Civil Procedure provides that a more definite statement may be ordered "[i]f a pleading to which a responsive pleading is permitted is so vague

3

or ambiguous that a party cannot reasonably be required to frame a responsive pleading." The Court agrees with the defendant that the capacity in which Timothy Hutchison has been sued is unclear. Accordingly, the defendant's Motion for More Definite Statement [Doc. 38] is **GRANTED**. The plaintiff shall file, within twenty (20) days of the entry of this Order, an amended pleading clearly specifying whether the plaintiff is suing Timothy Hutchison in his individual capacity, particularly in reference to the paragraphs and counts set forth in the defendant's memorandum of law in support of the present motion [Doc. 39]. If the plaintiff is not pursuing claims against Timothy Hutchison in his individual capacity, all references to "Defendant Hutchison" in the complaint should be omitted.

**IT IS SO ORDERED.**

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge